IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Orlando Juarez Cardenas,<br><br>        Petitioner,<br><br>v.<br><br> Hansen Jenson, Warden,<br><br><br><br>        Respondent. | C/A No. 6:22-cv-03700-SAL<br><br><br><br>**OPINION AND ORDER** |

*Pro se* petitioner Orlando Juarez Cardenas ("Petitioner"), a federal inmate, filed this habeas corpus action pursuant to 28 U.S.C. § 2241. This matter is before the court for review of the Report and Recommendation of Magistrate Judge Kevin F. McDonald (the "Report"), ECF No. 10, recommending that Petitioner's § 2241 petition be dismissed.

## BACKGROUND

Petitioner was convicted and sentenced by the United States District Court for the Northern District of Texas after pleading guilty to possession with intent to distribute 50 grams or more of methamphetamine and aiding and abetting. As laid out in greater detail in the Report, Petitioner filed multiple § 2255 motions challenging his convictions and resulting sentences. The Magistrate Judge recommends that Petitioner's § 2241 petition be dismissed because the court lacks jurisdiction to consider it. [ECF No. 10.] Petitioner filed objections, and the matter is thus ripe for ruling by the court. [ECF No. 13.]

1

**STANDARD OF REVIEW**

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). A district court, however, is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 n.6 (D.S.C. 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have

been made—for clear error." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

Because Petitioner is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow Petitioner to fully develop potentially meritorious cases. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DISCUSSION

The relevant facts and standards of law on this matter are incorporated from the Report. In summation, the Magistrate Judge concluded that Petitioner has not met the savings clause requirements contained in 28 U.S.C. § 2255(e), and therefore this court lacks jurisdiction to consider his § 2241 petition.

For the most part, in his objections, Petitioner focuses on the evidence against him in his criminal case, arguing such evidence was manufactured or non-existent. However, Petitioner fails to confront the threshold issue of jurisdiction. As an initial matter, the court finds no error in the Report's conclusion that Petitioner cannot proceed with this action under § 2241. The Report correctly explains that Petitioner cannot satisfy the requisite *In Re Jones* savings clause test. When a petitioner contests his conviction under § 2241, he must demonstrate that § 2255 would be inadequate or ineffective to provide relief by establishing that:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and

3

    (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000).  If the petitioner cannot satisfy each prong of the requisite savings clause test, the court lacks subject matter jurisdiction to consider his § 2241 petition.

As the Magistrate Judge correctly explained, Petitioner is unable to satisfy the second prong of the *Jones* test.  Indeed, Petitioner had not alleged any change in the law, much less that any change in the law rendered the conduct for which he was convicted no longer criminal.  The *Jones* savings clause test has not been satisfied, and this court does not have jurisdiction to consider Petitioner's § 2241 petition.

The only specific objection Petitioner makes to the Report is "the Court states that to plead guilty is to waive an actual innocence claim; once aain, [sic] the logic is flawed.  How can you expect an individual to go against his 'paid' attorney?  Does it really matter when the evidence is presented?" [ECF No. 13 at 11–12.]  However, Petitioner mischaracterizes the Magistrate Judge's findings.  As outlined above, the Magistrate Judge correctly concluded the court lacks subject matter jurisdiction, and this case must be dismissed.  The Magistrate Judge further addressed Petitioner's claims of actual innocence, noting "because the petitioner pled guilty, his actual innocence claims are considered as a challenge to the factual basis of the guilty plea—not the facts underlying the charge outside of the factual basis." [ECF No. 10 at 7 (citing *United States v. Zehrbach*, 797 F. App'x 107, 108 (4th Cir. 2020); *Carryl v. Knight*, C/A No. 4:20-cv-04210-JMC, 2022 WL 1590809, at *4–6 (D.S.C. May 19, 2022))].  The Magistrate Judge correctly stated the law, and then further explained Plaintiff had not established or argued the factual basis for his guilty plea was inadequate. [ECF No. 10 at 7].  Moreover, the Magistrate Judge noted Petitioner's actual innocence claim failed "because the trial court previously rejected arguments by the

4

petitioner that his plea was involuntary." *Id.* Thus, contrary to Petitioner's assertion, the Magistrate Judge never stated Plaintiff has waived his actual innocence claim by pleading guilty. The Magistrate Judge found Petitioner has not met the high burden of proving actual innocence. This court agrees, and Petitioner's objection is overruled.

The only other objection Petitioner offers to the Report is as follows: "[I]t would be virtually impossible for an uneducated pro se litigant to file a proper response to 'all' the assertions made in the 'Recommendation'." [ECF No. 13 at 15.] This objection is nonspecific. A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano*, 687 F.2d at 47. Petitioner's statement is better described a complaint of this process for review rather than an objection to any error in the Report. It has the same effect as would a failure to object. Furthermore, the court notes that, as a *pro se* litigant, Petitioner has been given the benefit of this court liberally construing his objections.

For the foregoing reasons, and for the reasons outlined in the Report and incorporated herein, Petitioner has not satisfied the § 2255 savings clause requirements, and the court must dismiss his § 2241 petition for lack of jurisdiction.

## CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Petitioner specifically objected, the court hereby adopts the Report and Recommendation, ECF No. 10. For the reasons discussed above and in the Report, Petitioner's § 2241 petition is dismissed without prejudice and without requiring the respondent to file an answer or return.

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[1]

**IT IS SO ORDERED.**

Dated: March 20, 2023  
Columbia, South Carolina

s/ Sherri A. Lydon  
United States District Judge

---

[1] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."